Kenneth S. Hixson, Judge, concurring.
While I agree with the majority that we must reverse and remand the circuit court's award of joint custody, I am hesitant to say that the circuit court failed to follow our mandate. In Ingle v. Arkansas Department of Human Services , our supreme court thoroughly explained an appellate mandate and its effect on remand on the lower court. 2014 Ark. 471, 449 S.W.3d 283. Of particular import as it pertains to this case, the Ingle court stated, "If an appellate court remands with specific instructions, those instructions must be followed exactly, to ensure that the lower court's decision is in accord with that of the appellate court. " Ingle , 2014 Ark. 471, at 5-7, 449 S.W.3d 283, 287 (emphasis added).
Essentially, the majority's position is that in Montez v. Montez , 2017 Ark. App. 220, 518 S.W.3d 751 ( Montez I ), we specifically ordered the circuit court to award primary custody to one of the parents and not award joint custody. The majority found that the circuit court here failed to follow our mandate to award custody consistent with our opinion. However, I disagree after closely reviewing our opinion in Montez I . In Montez I , after discussing the facts of the case and applicable law, we held, "[T]he circuit court clearly erred in finding that Daniel failed to establish a material change in circumstances warranting a modification of custody. " Montez I , 2017 Ark. App. 220, at 10, 518 S.W.3d at 757 (emphasis added). Then, we specifically instructed the lower court as follows: "We reverse the circuit court's award of joint custody and remand this case to the circuit court for an award of custody consistent with this opinion. " Montez I , 2017 Ark. App. 220, at 10-11, 518 S.W.3d at 757 (emphasis added).
On remand, the trial court followed our holding and found that Daniel did, in fact, establish a material change of circumstances. Then, the circuit court re-reviewed the evidence and determined that joint custody was in the best interest of the children. While I disagree with the circuit court's finding that joint custody is in the best interest of the children[3] and therefore join with the majority opinion *635 and reverse, I cannot say the lower court failed to follow our specific instructions.

I would agree with the majority that the record is replete with evidence that conclusively demonstrated these parents showed a substantial lack of cooperation, and we have held when parents cannot cooperate, joint custody is not in the children's best interest. See Stibich v. Stibich , 2016 Ark. App. 251, 491 S.W.3d 475.